

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEYEMI OLUFOWARA,<br><br>                     Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>                     Respondents. | Case No.: 26-cv-690-RSH-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 4, 2026, petitioner Adeyemi Olufowara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. Petitioner challenges the lawfulness of his immigration detention. Respondents have filed a return. ECF No. 5. As set forth below, the Court grants the Petition.

## I. BACKGROUND

Petitioner, a citizen of Nigeria, applied for admission to the United States at the Paso Del Norte Port of Entry in El Paso, Texas. ECF No. 5-1 ¶ 4. He lacked any entry documents, and was taken into immigration custody and placed in removal proceedings. *Id.* ¶¶ 5–6. On March 8, 2013, an immigration judge ordered Petitioner removed to Nigeria. *Id.* ¶ 7.

Petitioner elected not to appeal. *Id.* On September 17, 2013, Petitioner was released from immigration custody on an order of supervision, because ICE was unable to obtain a travel document for his return to Nigeria. *Id.* ¶ 8.

On September 3, 2025, ICE rearrested Petitioner to effectuate his removal order. *Id.* ¶ 10. Petitioner remains in immigration detention.

The Petition contends that (1) DHS failed to comply with its own regulations in revoking Petitioner's order of supervision, warranting Petitioner's release from immigration custody; (2) there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, such that his continued indefinite detention violates due process; and (3) DHS should be prohibited from removing Petitioner to a country other than Nigeria, unless DHS provides Petitioner with adequate notice and an opportunity to be heard. *Id.* at 5–16.

## II.  LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.  ANALYSIS

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Federal regulations also prescribe the manner in which such supervision may be revoked. The regulation applicable here requires that "[u]pn revocation" of release, "the alien will be notified of the reasons for revocation of his or her release," and further provide that DHS "will conduct

an informal interview promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

Respondents, in candor, concede that Petitioner was not provided written notice of the reasons for the revocation of his release, or an informal interview allowing Petitioner to respond to those reasons. ECF No. 5 at 3. Respondents contend, however, that this violation does not amount to a deprivation of due process. *Id.*

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court reaches the same conclusion here.

### IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to release petitioner Adeyemi Olufowara from custody ***within one (1) business day of the date of this Order***, subject to the terms of his previous order of supervision or such other terms for release on recognizance as may be warranted. The Court declines to order further relief. Petitioner's application for a temporary restraining order [ECF No. 2] is **DENIED** as moot. The hearing currently scheduled for February 26, 2026 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: February 13, 2026

Hon. Robert S. Huie
United States District Judge